[Crim. No. 3196. Second Appellate District, Division Two.—May 16, 1939.]

THE PEOPLE, Respondent, v. JAMES V. MORTON, Appellant.

John S. Cooper for Appellant.

Earl Warren, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—The defendant appeals from a conviction on two counts of robbery and from an order denying his motion for a new trial.

At the trial several witnesses identified the defendant as the man who committed the crimes.

After the order denying the motion for new trial the court allowed the defendant time to procure additional evidence concerning his guilt or innocence. This allowance of time was made upon a direct request of defendant and upon a direct waiver by him of the statutory time for pronouncing judgment.

 The point raised by the defendant is that the trial court erred in pronouncing judgment because after the motion for a new trial was denied a prisoner in the county jail, a cellmate of the defendant, took the witness stand and testified in substance that he was one of the robbers and that defendant did not aid him in the commission of the crimes. The court thoroughly examined the self-confessed perpetrator of the crimes and made a thorough investigation into all the circumstances, and said, ''It leads the Court to believe that Harris [self-confessed perpetrator] was not the man who committed the robbery at all. He does not know anything

about it except what he has been told, and he was making an effort to relieve Morton of the blame because he was facing a term in the Federal Penitentiary, on which there was a possibility of 50 years on Alcatraz, and he did not care what he said. So there are no further proceedings that I can see should be taken in this case short of sentence. . . . and I believe that Harris, who claims to have committed this robbery, is just, to speak plainly, an unmitigated liar.''

"The claim of newly discovered evidence warranting a new trial is universally looked upon by the courts with distrust and disfavor. Public policy demands that a litigant should be compelled to exhaust every reasonable effort to produce at his trial all existing evidence in his behalf. It has been said that the circumstance that the testimony has just been discovered when it is too late to introduce it is so suspicious that courts require the very strictest showing of diligence.'' (8 Cal. Jur. 427, 428.) The defendant makes no showing whatever that his so-called newly discovered evidence was not known to him at the time of the trial or that he could not have produced it at the trial. In the absence of such showing, it cannot be said on appeal that the trial court abused its discretion in denying the motion. (*People* v. *Davis*, 135 Cal. 162 [67 Pac. 59].)

█ To warrant the granting of a new trial on the ground of newly discovered evidence, the newly discovered evidence must be such as to render a different verdict reasonably probable upon a retrial. (8 Cal. Jur. 430.) It is apparent that the evidence which was submitted was not such as to render a different result probable upon a retrial.

█ Finally, the defendant contends that he was not sentenced within the time provided for under the provisions of section 1191 of the Penal Code. The record specifically shows that on all occasions the defendant requested a continuance at the time for pronouncing judgment and expressly waived the provisions of section 1191 of the Penal Code. This being true, he cannot now be heard to complain. (*In re De Voe*, 114 Cal. App. 730, 735 [300 Pac. 874] ; *People* v. *Von Moltke*, 118 Cal. App. 568, 571 [5 Pac. (2d) 917] ; *People* v. *Rubens*, 11 Cal. App. (2d) 576, 587 [54 Pac. (2d) 98, 1107].)

The judgments are affirmed and the order denying a new trial is affirmed.

Wood, J., and McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 22, 1939, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 15, 1939.