[Crim. No. 4795. Second Dist., Div. Two. June 13, 1952.]

THE PEOPLE, Respondent, v. GABRIEL SCHMIDT, Appellant.

William W. Larsen for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment entered after defendant pleaded guilty to two counts of rape, he appeals.

*Facts*: After entering a plea of not guilty to an information charging him in two counts with rape, defendant, on June 11, 1951, by leave of court withdrew his plea of not guilty to such charges and entered a plea of guilty.

At the time defendant entered his plea of guilty to the two charges of rape he *waived time for sentence* and requested

leave to file an application for probation. Defendant was granted permission to file an application for probation and proceedings to determine whether he was a sexual psychopath were held pursuant to section 5504 of the Welfare and Institutions Code and 288.1 of the Penal Code.

On November 21, 1951, defendant was sentenced to the state prison for the term prescribed by law.

■ Defendant's sole contention on appeal is that *he was not sentenced within 21 days after the entry of his plea of guilty pursuant to section 1191 of the California Penal Code.*

Defendant's contention is without merit. Where defendant, as in the instant case, expressly waives time for sentence he will not thereafter be permitted on appeal to complain that sentence was not pronounced as provided in the Penal Code by section 1191. (*People* v. *Morton,* 32 Cal.App.2d 662, 664 ■ [90 P.2d 845]; *People* v. *Rubens,* 11 Cal.App.2d 576, 587 [10] [54 P.2d 98, 1107].)

The judgment is affirmed.

Moore, P. J., and Fox, J., concurred.

---

*Section 1191 of the Penal Code reads as follows:

''Time for pronouncing judgment. In the superior court, after a plea, finding or verdict of guilty, or after a finding or verdict against the defendant on a plea of a former conviction or acquittal, or once in jeopardy, the court must appoint a time for pronouncing judgment, which must be within 21 days after the verdict, finding or plea of guilty, during which time the court shall refer the case to the probation officer for a report if eligible to probation and pursuant to Section 1203 of this code; provided, however, that the court may extend the time not more than 10 days for the purpose of hearing or determining any motion for a new trial, or in arrest of judgment, and may further extend the time until the probation officer's report is received and until any proceedings for granting or denying probation have been disposed of. If in the opinion of the court there is a reasonable ground of believing a defendant insane, the court may extend the time for pronouncing sentence until the question of insanity has been heard and determined, as provided in this code.''