[Crim. No. 6703. Second Dist., Div. Three. Jan. 27, 1960.]

THE PEOPLE, Respondent, v. MARVIN EUGENE BITTICK, Appellant.

480

Calabro, Calabro & Calabro and Alfred A. Calabro for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Philip C. Griffin, Deputy Attorney General, for Respondent.

VALLÉE, J.—By information No. 202793 defendant was accused of having, on April 4, 1958, committed a lewd and lascivious act upon the body of Sharron, a child 6 years old. By information No. 202794 he was accused of having, on April 22, 1958, committed a lewd and lascivious act upon the body of Catherine Jane, a child 11 years old. On motion of the district attorney the informations were consolidated for trial. In a nonjury trial defendant was found not guilty of the offense charged in No. 202793, and guilty of the offense charged in No. 202794. His motions in arrest of judgment and for a new trial were denied; proceedings were suspended and he was granted probation for a 10-year term.

Defendant appeals from "the judgment of conviction," the order denying his motion in arrest of judgment, the order denying a new trial, the order granting probation, and an order denying his motion to correct a minute order. No judgment was pronounced and consequently there was no "judgment of conviction," and that appeal must be dismissed. ■ An order denying a motion in arrest of judgment is not appealable (*People* v. *McGee,* 31 Cal.2d 229, 232 [187 P.2d 706]) and that appeal must be dismissed. The ruling is reviewable on appeal from the judgment. (*People* v. *Williams,* 184 Cal. 590, 591 [194 P. 1019].) ■ The order granting probation is deemed to be a final judgment for the purpose of appeal. (Pen. Code, § 1237(1).)

■ No purpose would be served in relating the sordid details with respect to defendant's conduct with Catherine Jane. Suffice it to say that her testimony was that defendant, on April 22, 1958, wilfully and lewdly committed lewd and lascivious acts upon her body with the intent of arousing, appealing to, and gratifying his lust and passions. (Pen. Code, § 288.) Defendant's argument is largely to the effect that the trial court should have believed his denials of any misconduct and should have disbelieved Catherine Jane. These are matters with which we have no concern. The trial judge's determination of whom to believe is final. The evidence supports the finding of guilt.

■ As stated, on motion of the district attorney the court consolidated Nos. 202793 and 202794 for trial. Defendant asserts error. There was no error. An accusatory pleading may charge two or more different offenses of the same class of crimes, and if two or more accusatory pleadings are filed in such cases the court may order them to be consolidated. (Pen. Code, § 954.) Nos. 202793 and 202794 charged offenses of the

same class of crimes. Whether a consolidation shall be ordered rests in the sound discretion of the trial judge. It is only when an abuse of discretion is shown that his ruling will be disturbed on review. No abuse of discretion is shown at bar. On the contrary, the order of consolidation appears to have been in the interest of justice. (*People* v. *Winston*, 46 Cal.2d 151, 158 [293 P.2d 40]; *People* v. *Van De Wouwer*, 91 Cal.App.2d 633, 639-640 [205 P.2d 693].)

 It is asserted the court erred in admitting in evidence, over objection, two incidents between defendant and Catherine Jane other than the one charged in the information. One incident was that about a year before April 22, 1958 defendant told Catherine Jane she was a nice girl, sat down on a bench, said to her ''Come here,'' she went over, he picked her up and started bouncing her up and down in his lap with her legs around his waist. The other incident was that in September 1957, as Catherine Jane was walking to school through her backyard and bouncing a ball, the ball rolled into defendant's backyard. She went over to get it. Defendant was there. He asked her if she wanted him to drive her to school. She said, ''No, I can get there in plenty of time. I have a half hour still.'' Defendant then said, ''Can you do a back bend?'' She said, ''Yes, but I have to go to school now.'' Defendant said, ''Oh, no, you don't, not right now.'' She said she had ''better go to school,'' and went on.

The evidence with respect to the two incidents was admissible for the purpose of showing the disposition of defendant. (*People* v. *Mathews*, 139 Cal. 527, 530-531 [73 P. 416]; *People* v. *Delgado*, 37 Cal.App. 807, 808-809 [174 P. 24]; *People* v. *Jones*, 76 Cal.App. 144, 149-151 [244 P. 101]; *People* v. *Owen*, 68 Cal.App.2d 617, 620 [157 P.2d 432]; *People* v. *Jewett*, 84 Cal.App.2d 276, 278-279 [190 P.2d 330]; *People* v. *LaMantain*, 89 Cal.App.2d 699, 701 [201 P.2d 598]; *People* v. *Brooks*, 133 Cal.App.2d 210, 213 [283 P.2d 748].)

 It is contended the court erred in admitting in evidence in relation to No. 202794 and considering as evidence on which to base its finding of guilt the testimony of Sharron, the complaining witness in No. 202793. The contention is based on a false premise. The evidence was received in proof of No. 202793, not in proof of No. 202794. Defendant was found not guilty as to No. 202793. The trial judge expressly stated he was not considering any of the testimony of Sharron in determining the guilt of defendant in No. 202794. The point is without merit.

■ The contention that the court erred in denying the motion for a new trial is untenable. Such motion is addressed to the sound legal discretion of the trial court and will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. (*People* v. *Shaheen,* 120 Cal.App.2d 629, 640 [261 P.2d 752].) No such showing is made.

[■ It is asserted the court erred in denying the motion in arrest of judgment. Counsel merely cites Penal Code, section 1185, which authorizes such a motion and provides that it ''may be founded on any of the defects in the accusatory pleading mentioned in Section 1004, unless the objection has been waived by a failure to demur.'' The motion can be founded only on defects appearing on the face of the accusatory pleading. (*People* v. *Cole,* 127 Cal. 545, 549 [59 P. 984].) Defendant did not demur to the information. The motion was patently without merit.

■ The minutes of August 27, 1958, state that in No. 202794 the court finds defendant guilty as charged, and ''Defendant waives time for sentence and is allowed to apply for probation.'' After the finding of guilt, defendant filed a memorandum in which he contended the court did not appoint a time for pronouncing judgment within 21 days after that finding, in violation of Penal Code, section 1191. Section 1191 provides that after a finding of guilty the court must appoint a time for pronouncing judgment which must be within 21 days after the finding of guilty. After the proceedings had been suspended and defendant granted probation, a minute order was made denying ''defendant's motion to correct the record re waiver of time for sentence.'' There was no basis for the motion. At the time the judge found defendant guilty, the following occurred: ''THE COURT: . . . Does the defendant waive time for sentence? MR. CALABRO [attorney for defendant] : Yes, Your Honor. THE COURT: Does he ask leave to file a written application for probation? MR. CALABRO: Yes, Your Honor. THE COURT: Time for sentence having been waived, the court will grant the defendant permission to file a written application for probation.'' Having waived time for sentence, defendant will not be permitted thereafter to complain that sentence was not pronounced as provided in section 1191. (*People* v. *Schmidt,* 111 Cal.App.2d 604, 605 [245 P.2d 49].)

■ As stated earlier, the court fixed the term of probation as 10 years. Defendant claims the court erred in fixing so long a term. Penal Code, section 288, provides that any person found guilty under its provisions shall be imprisoned for a

term of from one year to life. Penal Code, section 1203.1, provides:

"The court or judge thereof, in the order granting probation, may suspend the imposing, or the execution of the sentence and may direct that such suspension may continue for such period of time not exceeding the maximum possible term of such sentence, except as hereinafter set forth, and upon such terms and conditions as it shall determine."

No exception thereafter stated is applicable in the present case. This section gives the court power to grant probation for the maximum time for which the defendant could be sentenced. (*People* v. *Williams*, 24 Cal.2d 848, 851 [151 P.2d 244].) Thus the court had the power to fix the term of probation for any period from one year to life. There is nothing in the record indicating an abuse of discretion in fixing the term as 10 years.

The appeals from the "judgment of conviction," which we take to be the finding of guilty, and from the order denying the motion in arrest of judgment are dismissed. The judgment (order granting probation), the order denying a new trial, and the order denying the motion to correct the minute order are affirmed.

Shinn, P. J., and Ford, J., concurred.