[Crim. No. 7618. Second Dist., Div. Three. July 26, 1961.]

THE PEOPLE, Respondent, v. STEVE JOSEPH SCHUMACHER, Appellant.

Thomas McGurrin and Robert A. Rohe for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Mario A. Roberti, Deputy Attorney General, for Respondent.

FORD, J.—The appellant was accused of the crime of violation of section 23101 of the Vehicle Code.[1] In the information it was alleged that the appellant "did willfully, unlawfully and feloniously drive . . . an automobile, while under the influence of intoxicating liquor, and in an unlawful manner, proximately causing bodily injury" to a named person. In a nonjury trial he was found guilty of reckless driving, "a lesser but necessarily included offense." That offense is defined in section 23103 of the Vehicle Code.[2] In the notice of

---

[1]Section 23101 of the Vehicle Code is in part as follows: "Any person who, while under the influence of intoxicating liquor, drives a vehicle and when so driving does any act forbidden by law or neglects any duty imposed by law in the driving of such vehicle, which act or neglect proximately causes bodily injury to any person other than himself is guilty of a felony. . . ."

[2]Section 23103 of the Vehicle Code is in part as follows: "Any person who drives any vehicle upon a highway in wilful or wanton disregard for the safety of persons or property is guilty of reckless driving. . . ."

appeal, it is stated that the appeal is from the order granting probation; such order is deemed to be a final judgment for the purpose of an appeal under the provisions of section 1237, subdivision 1, of the Penal Code. (*People* v. *Bittick*, 177 Cal. App.2d 479, 481 [2 Cal.Rptr. 378].)

While the appellant asserts that the evidence is insufficient to sustain the conviction, the conclusion has been reached that, as also contended by him, the conviction cannot be upheld because the offense of which he was found guilty is not necessarily included within that of which he was accused in the information.

The governing law is stated in *People* v. *Whitlow*, 113 Cal.App.2d 804, at pages 806-807 [249 P.2d 35] : "If, in the commission of acts made unlawful by one statute, the offender must always violate another, the one offense is necessarily included in the other. (*People* v. *Krupa*, 64 Cal.App.2d 592, 598 [149 P.2d 416].) Thus, before a lesser offense can be said to constitute a necessary part of a greater offense, all the legal ingredients of the corpus delicti of the lesser offense must be included in the elements of the greater offense. (*People* v. *Greer, supra* [30 Cal.2d 589 (184 P.2d 512)].) It therefore follows that if an element necessary to establish the corpus delicti of the lesser offense is irrelevant to the proof of the greater offense, the lesser cannot be held to be a necessarily included offense." (See also *In re Hess*, 45 Cal.2d 171, 174-175 [288 P.2d 5].)

To establish the offense with which the appellant was charged in the information (Veh. Code, § 23101), it must be shown that the defendant drove a vehicle while under the influence of intoxicating liquor, that while so driving he committed an act forbidden by law or neglected a duty imposed by law, and that such act or omission was a proximate cause of bodily injury to some person. (*People* v. *Baxter*, 165 Cal.App. 2d 648, 650 [332 P.2d 334] ; *People* v. *Campbell*, 162 Cal.App. 2d 776, 782 [329 P.2d 82].) To establish the offense of reckless driving (Veh. Code, § 23103), it must be shown that the defendant in the management of his automobile at the time and place in question intentionally did something with knowledge that injury to another was probable or acted with a wanton and reckless disregard for the safety of others and in reckless disregard of the consequences of his acts. (*People* v. *Allison*, 101 Cal.App.2d Supp. 932, 933 [226 P.2d 85].) The driving of an automobile while under the influence of intoxicating liquor does not, in and of itself, constitute a wilful or

wanton disregard of the safety of persons or property. (See *People* v. *Clenney*, 165 Cal.App.2d 241, 248 [331 P.2d 696].) Moreover, more than negligence, even if the negligence be gross in nature, must be shown if reckless driving is to be established. (*People* v. *Allison, supra*, 101 Cal.App.2d Supp. 932, 935; *People* v. *McNutt*, 40 Cal.App.2d Supp. 835, 839 [105 P.2d 657].)

It is obvious that the crime of violation of section 23101 of the Vehicle Code can be committed without the presence of an element essential to the offense of reckless driving, namely, a "wilful or wanton disregard for the safety of persons or property." Consequently, reckless driving is not a lesser offense necessarily included in that defined in section 23101 of the Vehicle Code. (See *People* v. *Clenney, supra*, 165 Cal.App.2d 241, 249.) However, the respondent seeks to avoid such a determination in this case because in the information it is alleged that the appellant "did *willfully* [emphasis added by respondent], unlawfully and feloniously drive a certain vehicle, to wit, an automobile, while under the influence of intoxicating liquor, and in an unlawful manner, proximately causing bodily injury" to a named person. Reliance is placed on *People* v. *Marshall*, 48 Cal.2d 394 [309 P.2d 456].[3] While it has been suggested that the result for which the respondent contends could be reached by alleging the unlawful manner of the driving in language sufficient to embrace the elements of reckless driving (*People* v. *Clenney, supra*, 165 Cal.App.2d 241, 250-251), the use of the word "willfully" in the information in the present case failed to accomplish that result. All that the pleading means is that the appellant is alleged to have intentionally done the acts charged (see *In re Trombley*, 31 Cal.2d 801, 807 [193 P.2d 734]), whereas the word "wilful" in the statutory definition of reckless driving is used to convey another concept. As aptly stated by Judge Shaw in *People* v. *McNutt, supra*, 40 Cal.App.2d Supp. 835, at pages 837-838: "In this case we are required . . . to construe the part of the statute descriptive of the forbidden driving. Its words are, 'in wilful or wanton

---

[3] In the *Marshall* case, the Supreme Court said at page 405: "Since the decisions as to included offenses, so far as they relate to choice of a standard to measure what offenses are 'necessarily included' within the meaning of section 1159 of the Penal Code, have not expressly considered or decided the question of selection as between the language of the accusatory pleading and the statutory definition, we base our choice of the specific language of the accusatory pleading upon considerations of fairness to both parties."

disregard for the safety of persons or property.' The term 'wantonness' is thus defined: 'Wantonness includes the elements of consciousness of one's conduct, intent to do or omit the act in question, realization of the probable injury to another, and reckless disregard of consequences.' [Citation.] . . . The word 'wilful' in this connection means 'intentional' [citations]. The intention here referred to relates to the disregard of safety, etc., not merely to the act done in disregard thereof.'' (*People* v. *Nowell*, 45 Cal.App.2d Supp. 811, 815 [114 P.2d 81].)

While the trial court could not convict the appellant of reckless driving (Veh. Code, § 23103) since that offense was not an offense necessarily included in that charged in the information, the action of the court constituted an acquittal of the appellant of the charge of violation of section 23101 of the Vehicle Code. (*In re Hess, supra,* 45 Cal.2d 171, 176.)

The judgment (order granting probation) is reversed.

Shinn, P. J., and Vallée, J., concurred.