[Crim. No. 1854.   Fourth Dist.   Feb. 6, 1963.]

THE.PEOPLE, Plaintiff and Respondent, v. WILLIAM RAY
THURSTON, Defendant and Appellant.

.   Stanford & McDonough and Joseph P. McDonough for De-
fendant and Appellant.

.   Stanley Mosk, Attorney General, William E. James, As-
sistant Attorney General, and Gilbert F. Nelson, Deputy
Attorney General, for Plaintiff and Respondent.   ,   .

MONROE, J. pro tem.*—The defendant and appellant appeals from a conviction of a violation of section 23101 of the Vehicle Code, which makes it a felony for any person while under the influence of intoxicating liquor to drive an automobile and while so doing to neglect any duty imposed by law, which act of negligence proximately causes injury to another than himself. The indictment charged that the defendant did

". . . drive a vehicle, to wit, an automobile, while under the influence of intoxicating liquor, and in so driving did acts forbidden by law, to wit, Vehicle Code section 22350 (Basic Speed Law), Vehicle Code section 23103 (Reckless Driving), section 22107 (Turning Movements), and section 21658, subdivision (a) (Laned Roadways), which acts proximately caused bodily injury to another person, to wit, Ray Deming."

Appellant's assignments of error grow out of his contention that there was no substantial evidence to establish the doing of any act prohibited by the Vehicle Code which was the proximate cause of injury to another. The decision of that question will therefore be determinative of most of the issues here involved.

In *People* v. *Clenney,* 165 Cal.App.2d 241 [331 P.2d 696], the court, in an exhaustive and well reasoned opinion, held that the language of Vehicle Code section 23101 (then § 501) was properly construed as meaning that to establish a conviction there must be proved in addition to the act of driving an automobile while under the influence of intoxicating liquor some additional act which constituted a violation of the Vehicle Code and which was a proximate cause of personal injury to some other person. The court stated at page 253, "We hold that the 'any act forbidden by law' or the 'neglects any duty imposed by law' in section 501 of the Vehicle Code refers to acts forbidden by the Vehicle Code and to duties imposed by the Vehicle Code."

In *People* v. *Clark,* 202 Cal.App.2d 513, 516 [20 Cal. Rptr. 803], the court said, "In order to prove felony drunk driving, the People had the burden of establishing beyond all reasonable doubt the following elements of the offense: (1) that the defendant drove a vehicle on the public highway; (2) that he was then and there under the influence of intoxicating liquor; (3) that he did some act forbidden by

---

*Assigned by Chairman of Judicial Council.

law or neglected a duty imposed by law in the driving of such vehicle; and (4) that such act or neglect proximately caused bodily injury to a person other than himself.''

The facts which led up to the arrest of appellant are as follows: Appellant and his friend, Raymond Deming, had spent the evening together and at various places of entertainment had consumed a very considerable quantity of intoxicating liquor. The evidence is overwhelming that both of them were very drunk. The evidence is satisfactory that appellant was so drunk that he was a menace on the highway. At 1:20 a.m. on March 12, 1962, appellant, accompanied by Deming, drove his automobile easterly on Grand Avenue in Pacific Beach in San Diego. His car collided with another car which was parked at the curb. This second car was knocked forward into the rear of a third car likewise parked. The two parked cars suffered what was described by the investigating officers as ''heavy damage.'' Apparently no one saw the accident, nor did anyone observe the manner in which appellant was driving. Apparently both the appellant and Deming were sufficiently intoxicated that they remembered nothing about it. Mr. Deming was taken to the naval hospital, where he was confined for several weeks. Although he exhibited no outward evidence of injury, there was evidence that he had received some degree of concussion. How much of his time in the hospital was occasioned by this injury and how much by overindulgence in alcohol is not certain.

The appellant, in all stages of the proceeding, has made no contest of the proposition that he was intoxicated and while so intoxicated operated his automobile. He contends, however, that he was not guilty of any additional violation of the Vehicle Code and that there was no substantial evidence to establish such charge.

A careful examination of the record demonstrates to this court that appellant's contention is well taken. Although it is stated that the automobiles that were parked at the curb suffered ''heavy damage,'' there is no sufficiently explicit description of that damage to constitute any basis for a conclusion as to the speed of the automobile. Mr. Price, one of the investigating officers, testified that in making a report of the accident it was stated the probable speed of appellant's automobile was 35 miles per hour and that the scene of the accident was a 35 mile per hour zone. Questioned as to how he arrived at the estimate, he testified as follows: ' '

"A. Well, there was no indication of speed. At the point of impact there was no indication of slowing, any type of braking, or anything. It was a straight hit. In other words, there was no indication that we could use to show speed at this point. We can only assume that he was going the speed limit; probably faster because of the results of the accident.

"Q. But you, or someone who made the investigation with you of this accident, put 35 miles an hour as their best estimate of his speed, is that right? Is that how the 35 got in there?

"A. I would assume so."

The other officers, although stating that the report was correct, furnished no evidence that would indicate the actual or approximate speed. To sum up the testimony of the officers it is apparent that they found nothing to indicate an unlawful speed and felt justified in assuming 35 miles per hour because considerable damage resulted. It is obvious that if an automobile proceeding under power strikes another automobile at a speed of anything like 35 miles per hour heavy damage will result.

In this connection appellant complains that the charge in the indictment as to a violation of the basic speed law is insufficient in that such violation is not charged as required by section 40503 of the Vehicle Code. The decision in *People* v. *Clenney, supra,* apparently supports this contention. However, in view of the fact that it is held that there was not sufficient evidence to establish that charge, we need not decide that question. The appellant attacked the sufficiency of the indictment and also moved for a directed verdict. The questions arising with reference thereto are no longer important when the court determines that the evidence was insufficient to establish the additional violations as required.

With regard to the charge of reckless driving, it is held that this offense is one separate and distinct from that of the operation of an automobile while under the influence of intoxicating liquor, and that there must be some evidence which would justify a finding of the intentional doing of some unlawful act or acting with a reckless disregard of the consequences. There was no such evidence. In the absence of such proof, no conviction thereof may stand. (*People* v. *Schumacher,* 194 Cal.App.2d 335 [14 Cal.Rptr. 924].)

With regard to the charges of violating Vehicle Code section 22107 relating to turning movements, and section 21658,

subdivision (a), relating to changing lanes on a roadway divided into lanes, it is sufficient to say that there is no evidence at all which would justify a finding of such violation. Grand Avenue, as shown by the exhibits in evidence, is an exceedingly wide highway with a dividing island in the center. The eastbound portion of the highway is divided into two lanes and the lane next to the curb is wide enough that traffic would ordinarily be a considerable distance from parked automobiles. The fact that appellant's car collided with the parked cars does not establish that he changed from one lane to another or that he made any unlawful turning movements. About all that can be said for the evidence is that he probably was so intoxicated that he drove too close to the curb and ran into the parked automobiles, or permitted his car to veer into them.

Squarely in point is *People* v. *Levens*, 28 Cal.App.2d 455, 459 [82 P.2d 698]. In that case the defendant and appellant was driving an automobile while intoxicated, according to the testimony of the arresting officers. The automobile driven by him collided with a parked automobile, resulting in injuries to the guest riding with him. A judgment of conviction of felony drunk driving was reversed. The court said:

"In order to sustain a conviction under section 501 of the Vehicle Code, it must appear in the evidence adduced at the trial not only that the defendant therein was driving an automobile while under the influence of intoxicating liquor, and that while in such condition he committed some act forbidden by law, or that he neglected to perform some duty imposed by law, but in addition that such act, or such neglect, proximately caused bodily injury to some person. It is elementary that the particular case must determine whether the acts shown to have been committed constitute a violation of the statute upon which the prosecution is based. 'The mere act of driving a vehicle upon a public highway while intoxicated is an unlawful act. (Veh. Code, § 502.) Whether it is a felony or misdemeanor depends on the facts and circumstances in the case. (Veh. Code, § 501.)' [Citations.]

"In the instant case the evidence adduced at the trial is entirely lacking in the legal requirement that appellant, in addition to being under the influence of intoxicating liquor, either committed any act forbidden by law or neglected to perform any duty imposed by law and that such act or neglect proximately caused injury to Miss Beck. [Citations.]" See also *People* v. *Schumacher, supra,* 338.

In *People* v. *Gossman*, 95 Cal.App.2d 293 [212 P.2d 585], it was held that a charge of violation of section 23101 constituting a felony necessarily included the offense of violation of section 23102, the misdemeanor charge of driving a vehicle while under the influence of intoxicating liquor. The United States Supreme Court dismissed an appeal therefrom. (*Gossman* v. *State of California*, 340 U.S. 801 [71 S.Ct. 50, 95 L.Ed. 589].)

The trial court instructed the jury that this was an included charge of which the defendant might be found guilty. In view of the fact that the evidence is overwhelming that appellant was intoxicated and that his intoxication affected his ability to operate an automobile, it would seem to serve no useful purpose to retry the case. The judgment should be reduced to a violation of section 23102, a misdemeanor, and defendant should be sentenced accordingly.

The appellant has assigned three specifications of error with reference to the instructions given to the jury. The first one has to do with the necessity of production of evidence other than oral statements of the defendant to establish the corpus delicti. In the second specification appellant criticizes the instruction relative to the necessity of establishing that the personal injuries complained of must have been due to violations other than driving while intoxicated; and the third is with reference to whether the happening of the accident is sufficient evidence of a violation of the Vehicle Code. It is obvious that all these specifications of error have to do with that phase of the case relating to the proof of additional violations of the Vehicle Code in addition to driving while intoxicated. None of them affect the question of driving while intoxicated. As pointed out, the defendant has never seriously contested that portion of the charge.

The judgment of the trial court is modified by reducing it to a violation of Vehicle Code section 23102, a misdemeanor, and as so modified, it is affirmed. The cause is remanded to the trial court with directions to pronounce judgment upon defendant, sentencing him as prescribed by law, for a violation of section 23102, a misdemeanor.

The judgment is affirmed as modified.

Griffin, P. J., and Coughlin, J., concurred.