[Crim. No. 14786.   Second Dist., Div. Five.   Mar. 25, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. JULIUS BENSON WILSON, Defendant and Appellant.

Hugh R. Manes for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

KAUS, P. J. — Charged with possession of marijuana (Health & Saf. Code, § 11530) defendant, after a court trial, was found "guilty as charged." When, later, defendant made an otherwise unsuccessful motion for new trial, the prosecutor and defense counsel stipulated that the court could reduce the offense to a violation of section 11556 of the Health and Safety Code, a misdemeanor, as a "lesser and necessarily included offense." Defendant then appealed from the conviction and judgment." The only points he raises relate to the trial proceedings which resulted in the court's pronouncement that it found him guilty of having violated section 11530.[1] He did not—until invited by us to do so—discuss the manifest jurisdictional problems presented by the reduction to section 11556. ██ That section 11556 is not an offense included in section 11530 is plain and no one argues to the contrary. Section 11530 forbids possession of marijuana. Section 11556 forbids the knowing presence in "any room or place where any narcotics are being unlawfully smoked or used. . . ." ██ Nor does the evidence show any semblance of a violation of section 11556. If defendant was guilty it was because, after a street arrest for an unrelated misdemeanor, an unsmoked marijuana cigarette was found in his breast pocket at the police station.

██ Conviction of an offense not necessarily included in the offense charged is an act in excess of the trial court's jurisdiction. (*In re Hess,* 45 Cal.2d 171, 175 [288 P.2d 5]; *People* v. *Schumacher,* 194 Cal.App.2d 335, 340 [14 Cal.Rptr. 924]; *People* v. *Harris,* 191 Cal.App.2d 754, 759 [12 Cal.Rptr. 916].) Apart from the constitutional reasons why that must be so (*In re Hess, supra*), there simply is no statutory authority for what the trial court did. Section 1181, subdivision 6 of the Penal Code expressly limits the power to modify a verdict or finding to cases where a defendant is guilty of a lesser degree of the crime of which he was convicted, "or of a lesser crime included therein . . ."

This is not a case like *People* v. *Blunt,* 241 Cal.App.2d 200 [50 Cal.Rptr. 440]; *People* v. *Powell,* 236 Cal.App.2d 884 [46 Cal.Rptr. 417] or *People* v. *Hensel,* 233 Cal.App.2d 834 [43

---

[1]This and other code references are to the Health and Safety Code unless otherwise noted.

Cal.Rptr. 865]. In those cases convictions for lesser included offenses, which were really no such thing, were upheld on the theory that the proceedings in question were "informal amendments" of the information, charging the elements of the lesser offense not originally included in that document. "We conclude that the effect of the proceedings had in the trial court in this case was to accomplish an informal amendment of the information to include a charge *which was supported by the evidence* although not by the original information; and that defendant knowingly allowed the case to proceed to judgment on the information as thus amended. Having, by this method, secured an acquittal of the original charge, defendant may not now repudiate the proceedings in which he participated." (*People* v. *Hensel, supra,* 233 Cal. App.2d at p. 840. Italics added.) The inapplicability of the *Hensel* line of cases to this case is demonstrated by the emphasis the *Hensel* court places on the fact that there was evidence supporting a conviction of the offense of which the defendant was eventually convicted.

We realize, of course, that by appropriate stipulations followed by a guilty plea, the People and a defendant, with the concurrence of the court, can dispose of a charge in almost any fashion they like, however remote from the crime to which he pleads the defendant's acts may have been. What was attempted in this case, however, is quite different: not only would the defendant benefit from the court's mercy, he still purports to retain the right to appeal from the judgment. There is something wrong with a situation where the defendant in effect argues that he should not have been convicted for knowingly being in a room where marijuana was being smoked, because there was something wrong with the way he was found to be guilty of possessing marijuana. While it is true that in many respects criminal procedure is a "heads-you-lose, tails-you-lose," proposition for the People, that is not always the case (cf. *Jones* v. *Superior Court,* 58 Cal.2d 56, 59 [22 Cal.Rptr. 879, 372 P.2d 919, 96 A.L.R.2d 1213]), and should not be true in this situation.

The Legislature has given the judiciary wide powers to fit punishment to the offender. In some cases such power has been expressly withheld, in others it can only be exercised with the concurrence or on the motion of the district attorney. (See for example Pen. Code, § 1203; Health & Saf. Code,

§§ 11715.6, 11718.)² To countenance the procedure of the trial has been expressly withheld, in others it can only be exercised court, even though its object was mercy and rehabilitation, would defeat the legislative objective.

The new trial proceedings which were in excess of the court's jurisdiction were void: ''. . . A judgment, though entered in a case over which the court had jurisdiction over the parties and the subject matter, may be void in whole or in part because it granted some relief which the court had no power to grant. A wrong decision made within the limits of the court's power is error correctable on appeal or other direct review, but a decision which oversteps the jurisdiction and power of the court is void and may be set aside directly or collaterally. . . .'' (*Vasquez* v. *Vasquez,* 109 Cal. App.2d 280, 283 [240 P.2d 319].)

We have therefore no occasion, on this appeal, to discuss the merits of the contentions raised with respect to the trial. No judgment, legally justified by the trial proceedings, has ever been rendered.

The proper thing for us to do is to reverse (*Mellinger* v. *Municipal Court,* 265 Cal.App.2d 843, 847-848 [71 Cal. Rptr. 535]) and to direct that the proceedings should be resumed at the point where they went awry, that is to say the ruling on the defendant's motion for a new trial. At that time, subject to the considerations mentioned in the next paragraph, if the trial court still seems disposed to be lenient, it may now do what it had no power to do the first time, that is, treat the violation of section 11530 as a misdemeanor. (Stats. 1968, ch. 1465, § 1; *In re Estrada,* 63 Cal.2d 740 [48 Cal.Rptr. 172, 408 P.2d 948].) It has, of course, various other options which we need not detail and which, in view of the passage of time, it may wish to exercise.

We are perfectly aware that hidden in the procedural problem brought about by the trial court's action is an even thornier question than the one we have discussed, namely whether the trial that was had put defendant in jeopardy on a charge of possession of marijuana and whether the abortive new trial proceedings and judgment are effective to the extent of not permitting a resentencing under section 11530.³ In

---

²The fact that in narcotics cases judicial discretion is more severely limited than in many other situations has been the subject of adverse comment. (*People* v. *Benford,* 53 Cal.2d 1, 15-16 [345 P.2d 928]; cf. *People* v. *Pineda,* 253 Cal.App.2d 443, 480 [62 Cal.Rptr. 144].)

³*In re Hess,* 45 Cal.2d 171 [288 P.2d 5], held that where a defendant had been charged with forcible rape, but found guilty of contributing to

view of the several dispositions open to the superior court other than a resentencing for a violation of section 11530 and in view of the many ramifications of any holding on that point, we think it is the better part of valor to defer a discussion of the jeopardy issue to the day when it becomes inevitable. This reticence is particularly appropriate in this case, since neither side has discussed the problem in its briefs.

The judgment is reversed with directions to permit defendant to renew his motion for a new trial and to proceed thereafter in a manner not inconsistent with this opinion.

Stephens, J., and Reppy, J., concurred.

---

the delinquency of a minor, a nonincluded offense, he had been impliedly acquitted of rape. (See also *People* v. *Schumacher*, 194 Cal.App.2d 335, 340 [14 Cal.Rptr. 924]; *People* v. *Harris*, 191 Cal.App.2d 754, 759 [12 Cal.Rptr. 916].) *Hess* is possibly distinguishable because there the trial had not resulted in a verdict finding the defendant guilty of the crime charged. Jeopardy had attached when the trial started and the only possible result, in legal contemplation, was an implied acquittal. The mere commencement of the trial had made it impossible to retry him for rape. (*Jackson* v. *Superior Court*, 10 Cal.2d 350, 356, 358-359 [74 P.2d 243, 113 A.L.R. 1422]; cf. *Green* v. *United States*, 355 U.S. 184, 187, 190-193 [2 L.Ed.2d 199, 204, 205-207, 78 S.Ct. 221, 61 A.L.R.2d 1119]; see also *Cichos* v. *Indiana*, 385 U.S. 76, 79, fn. 3 [17 L.Ed.2d 175, 178, 87 S.Ct. 271].) Here, for what it may be worth, we have the court's specific finding that defendant was guilty as charged.