[Crim. No. 2914.   Fourth Dist., Div. One.   Jan. 15, 1968]

THE PEOPLE, Plaintiff and Respondent, v. ROGER EDWARD BRIM, Defendant and Appellant.

Condra, Baxley & Crouch, Robert C. Baxley and Classen Gramm for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas S. Kerrigan, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), P. J.—Roger Edward Brim, on probation, appeals from a judgment entered in a nonjury trial in which the court (1) convicted him of being in a place where narcotics were being unlawfully smoked or used with knowledge of such activity (Health & Saf. Code, § 11556), and (2) acquitted him of possessing marijuana (Health & Saf. Code, § 11530). With Brim's consent, the case was submitted on the preliminary examination transcript.

Brim unmeritoriously contends: the court prejudicially erred in admitting evidence he smoked marijuana in his apartment two weeks before the offense for which he was charged here; the evidence insufficiently supports the conviction; he should not have been found guilty of being in a place where narcotics were being unlawfully smoked or used, knowing of such, because all parties present, including himself, were acquitted of possession; Health and Safety Code, section 11556 is unconstitutionally vague.

On January 30, 1967, police officers went to Brim's apartment to investigate a reported marijuana party. In particular, the informant reported Brim was smoking marijuana. As the officers approached, someone on Brim's balcony said "Here they come now, they have seen us," and went inside the apartment. Brim and several others were inside. The officers detected a strong odor of burning marijuana outside as well as inside the apartment. With consent they searched the apartment, seizing cigarette papers and marijuana cigarettes, butts, debris and stems. The officers then arrested Brim.

■ Brim now objects to evidence he smoked marijuana two weeks before his arrest, arguing this evidence accused him of misconduct unrelated to the present charge. Brim cannot complain. The evidence was admitted without objection in the preliminary examination. Aware of this, Brim nonetheless agreed to submit the case on the preliminary examination transcript. The evidence, furthermore, was admissible. "It is settled that evidence of other crimes is ordinarily admissible when it tends to show guilty knowledge, . . ." (*People* v. *Kelley,* 66 Cal.2d 232, 239 [5] [57 Cal.Rptr. 363, 424 P.2d 947].) Section 11556 requires a defendant know marijuana is being used. Evidence showing familiarity with the odor of marijuana smoke may establish such knowledge (Evid. Code, § 1101). Brim's oral argument contention that this evidence, if admissible, should have been limited to the issue of knowledge is frivolous. This was a nonjury trial. The court presumptively considered the evidence solely in its proper context.

■ The evidence recited above sufficiently supports the conviction (*People* v. *Hillery,* 62 Cal.2d 692, 702 [44 Cal.Rptr. 30, 401 P.2d 382]).

■ Brim contends his acquittal, and the acquittal of all persons in the apartment, of possessing marijuana necessarily requires his acquittal of the section 11556 charge. Section 11556, however, does not require proof of possession. Marijuana, the odor of burning marijuana, and Brim were in his apartment at the time the officers entered. Someone possessed and unlawfully smoked or used marijuana in Brim's apartment in his presence, although the particular possessor, smoker or user could not be pinpointed beyond a reasonable doubt. Section 11556 is designed for this exact factual situation, where knowing, willful, intentional involvement with unlawful marijuana smoking or using can be proved beyond a reasonable doubt, although possession cannot be so proved.

■ Brim contends the knowledge feature of section 11556 is unconstitutionally vague. On Brim's facts, the statute is constitutionally clear. A person of common intelligence would understand section 11556 by its plain meaning is designed for a person like Brim who knowingly, willfully and intentionally involves himself with unlawful marijuana smoking or using. (See Pen. Code, § 4; *People* v. *Weger,* 251 Cal.App.2d 584, 588 [59 Cal.Rptr. 661]; *In re Cregler,* 56 Cal.2d 308, 312 [14 Cal.Rptr 289, 363 P.2d 305]; *Lanzetta* v. *New Jersey,* 306 U.S. 451, 453 [83 L.Ed. 888, 890, 59 S.Ct. 618]; *In re Newbern,* 53 Cal.2d 786, 792 [3 Cal.Rptr. 364, 350 P.2d 116]; *American Civil Liberties Union* v. *Board of Education,* 59 Cal.2d 203, 218 [28 Cal.Rptr. 700, 379 P.2d 4]; *People* v. *Victor,* 62 Cal.2d 280, 300 [42 Cal.Rptr. 199, 398 P.2d 391].) The knowledge required is plainly the knowledge of the person charged with violating section 11556. ■ Brim's attempt to test the constitutionality of section 11556 against hypothetical facts is improper. (*In re Cregler, supra,* 56 Cal.2d 308, 313.)

The judgment is affirmed.

Coughlin, J., and Whelan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 13, 1968.