[Crim. No. 16583.  Second Dist., Div. Four.  Oct. 24, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. PAUL LESLIE NICHOLS, Defendant and Appellant.

174

## COUNSEL

Richard C. Farrell for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Elizabeth Miller and Melvin R. Segal, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**FILES, P. J.**—After a court trial, in which the preliminary transcript was the sole evidence, defendant was found guilty of possession of marijuana (Health & Saf. Code, § 11530). He was sentenced to 180 days in the county jail, execution suspended conditioned upon two years' summary probation and a fine of $150. Defendant is appealing from the judgment.

The notice of appeal also purports to appeal from the sentence and the order granting probation. Mention of the sentence is redundant, for the sentence is the judgment. The order granting probation might be appealable as an order made after judgment, but defendant is not attacking the probation order. We therefore deem that part of the appeal abandoned.

The sole issue argued is the legality of the search which produced the marijuana.

On February 17, 1968, at about 12:05 a.m. at 11243 Emelita Street, Officer Bagdonis arrested a juvenile named Quinn, suspected of theft from an automobile. The boy appeared to be under the influence of a drug. While being interviewed at the police station, the boy told the officers that his car was parked in front of a friend's house on Emelita and that the keys were in the house. The officer, the boy and the boy's father then drove along Emelita until they observed the boy's car in front of defendant's home at 11259 Emelita. The officer and the boy's father went up to the house "to retrieve the subject's identification and the keys to his vehicle."

The officer knocked and defendant opened the door. Defendant said he lived there and knew Quinn. As they talked the officer smelled an odor of marijuana smoke in the house. Officer Bagdonis told defendant he was coming in, and did. Approximately 4 feet inside the door he saw a partially smoked handrolled cigarette. The officer then arrested defendant. (Subsequent examination by a chemist established that this cigarette contained marijuana.) A further search of the house turned up more marijuana, all of which was seized and used in evidence.

One other person was found in the house at the time of the arrest and search.

It was stipulated that the officer did not have a warrant.

■ The odor of marijuana justified the officer's belief that marijuana was in the house. (*Vaillancourt* v. *Superior Court* (1969) 273 Cal. App.2d 791 [78 Cal.Rptr. 615]; *People* v. *Gann* (1968) 267 Cal. App.2d 811 [73 Cal.Rptr. 502].) The fact that defendant opened the door and acknowledged that he lived there supported the belief that he was jointly or constructively in possession of any narcotics which were inside. (*People* v. *White* (1969) 71 Cal.2d. 80 [75 Cal.Rptr. 208, 453 P.2d 600].) Officer Bagdonis thus had probable cause to arrest defendant for possession of marijuana and, under the law then in effect, the officer was entitled to search the immediate premises as an incident of that arrest, to recover evidence and instrumentalities of the crime. (*United States* v. *Rabinowitz* (1950) 339 U.S. 56 [94 L.Ed.2d 653, 70 S.Ct. 445]; *Harris* v. *United States* (1947) 331 U.S. 145 [91 L.Ed. 1399, 67 S.Ct. 1098]; *People* v. *Chimel* (1968) 68 Cal.2d 436, 442 [67 Cal.Rptr. 421, 439 P.2d 333].) The new limitations upon such searches, established in *Chimel* v. *California* (1969) 395 U.S. 752 [23 L.Ed.2d 685, 89 S.Ct. 2034], apply only to searches made after June 23, 1969. (*People* v. *Edwards* (1969) 71 Cal.2d 1096, 1108 [80 Cal.Rptr. 633, 458 P.2d 713]; *People* v. *Castillo* (1969) 274 Cal.App.2d 508, 512 [78 Cal.Rptr. 869].)

As an alternative ground of arrest, the officer had reasonable cause to believe that defendant was, in his presence, violating Health and Safety Code section 11556, which makes it a misdemeanor to be in a place where narcotics are being used or smoked.

The ground of arrest existed as soon as Officer Bagdonis smelled the smoke, prior to his entering the house. It is immaterial that his entry preceded the arrest. (*People* v. *Cockrell* (1965) 63 Cal.2d 659, 666 [47 Cal.Rptr. 788, 408 P.2d 116].)

Defendant's brief relies principally upon *Johnson* v. *United States* (1948) 333 U.S. 10 [92 L.Ed. 436, 68 S.Ct. 367]. In that case federal narcotic agents had received information that unknown persons were smoking opium in a particular hotel. The officers went to the hotel and smelled the odor of burning opium coming from room 1. They knocked, demanded entry, entered, arrested the defendant, searched and found opium and smoking apparatus which was warm from recent use. The Supreme Court held that this evidence should have been suppressed as the product of an illegal search.

The opinion states (at p. 13 [92 L.Ed. at p. 439]) that at the time the officers entered they possessed information which would have supported the issuance of a search warrant, but probable cause to believe that a house contains contraband is not enough to justify a warrantless search.

In answering the government's contention that the search was valid as incident to a lawful arrest, the Supreme Court began its analysis with this statement (at p. 16 [92 L.Ed. at p. 441]): "The Government, in effect, concedes that the arresting officer did not have probable cause to arrest petitioner until he had entered her room and found her to be the sole occupant."

The opinion then points out that the knowledge that defendant was alone was gained only by the officers' illegal entry, and thus could not be relied upon to support the arrest.

More recent decisions have demonstrated that it was not (or, at least, is not now) necessary for the government to concede that there was no cause to arrest the occupant of the room until it was learned that she was the sole occupant. ■ Courts have recognized that it is reasonable for an officer to infer that the person in apparent possession of a dwelling place is in possession of the narcotics found there, even though that possession may be shared with someone else. (See, e.g., *People* v. *White, supra,* 71 Cal.2d at p. 80.) The drawing of such an inference by the investigating officer, and by the court which receives the evidence, raises no constitutional issue.

■ The crux of the decision in *Johnson* is the distinction between a warrantless entry to seize contraband and a warrantless entry to make an arrest. The latter may be permissible on probable cause, but the former is not. This distinction was recently pointed out again by the California Supreme Court in *People* v. *Marshall* (1968) 69 Cal.2d 51, 57 [69 Cal.Rptr. 585, 442 P.2d 665]. In the *Marshall* case, the officers entered an apartment to make an arrest, found no one present, smelled marijuana, searched for it, found it and seized it. The seizure was held to be illegal upon the principle stated in *Johnson* v. *United States, supra*. However, the *Marshall* opinion points out in a footnote: "Of course there is no dispute with the many cases cited in the dissenting opinion that an officer may rely upon all of his senses in determining whether there is probable cause to believe that a crime has been committed or that contraband may be present." (69 Cal.2d 51, 57, fn. 2.)

■ In the case at bench, the officer's sense of smell told him a crime was being committed by someone, and the defendant, by acknowledging his occupancy of the premises, identified himself as the probable offender. The officer thus had legal cause to arrest, and to search and seize the contraband as incident to that lawful arrest.

The judgment is affirmed. The appeal from the order granting probation is dismissed.

Kingsley, J., and Dunn, J., concurred.