[Crim. No. 3793. Fourth Dist., Div. One. Dec. 11, 1969.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES ANDREW CHRISTENSEN, Defendant and Appellant.

## COUNSEL

Sydney H. Buttz for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas E. Warriner, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**BROWN (Gerald), P. J.**—James Andrew Christensen pleaded guilty to possessing marijuana after the court denied his Penal Code section 1538.5 motion to suppress the marijuana evidence. He appeals the court's order granting him probation (deemed a final judgment, Pen. Code § 1237) which imposed no time to be spent in custody, but did require payment of a $200 fine and adjudicated the crime a misdemeanor.

About 2:30 a.m., November 27, 1968, Christensen was a passenger in a car owned and operated by his non-appealing codefendant, Patrick Coyle Branin. San Diego Police Officer Harry Jourdan saw Branin's car turn sharply onto the onramp of Nimitz Boulevard from Catalina, bump into the onramp's curb and continue onto Nimitz. The officer noted Branin's license

plate light was out and suspected the driver might be intoxicated. He redlighted the car. Branin stopped his car, got out and walked rapidly to the police car.

Officer Jourdan suspected Branin might be trying to hide something. He took Branin back to his car, looked in to see who the passenger was and smelled an odor of burning marijuana through the open car window.

Officer Jourdan called for additional police help. Two more officers arrived, one of whom also smelled the odor of burning marijuana through the open car window. Jourdan asked Branin "if there was anything in the vehicle he wouldn't want [Jourdan] to see." Branin said no. Jourdan asked "Is it all right if I look?" Branin said "Yes, you may." The court ruled Jourdan's search of Branin's car which followed, disclosing usable quantities of marijuana, exceeded the scope of Branin's consent. The court further ruled, however, the police were justified in searching based upon the smell of burning marijuana emanating from the car.

■ The permissible scope of a search incident to stopping a car for a traffic offense is stated in *People* v. *Graves,* 263 Cal.App.2d 719, 733-734 [70 Cal.Rptr. 509]: "[A] valid arrest for a traffic offense permits a search by the arresting officer of the arrestee's person for weapons, but does not justify a complete search of his person for evidence of other unrelated crimes unless the officer has probable cause for believing . . . the traffic offender is guilty of a crime other than the traffic offense for which he is being arrested. In the latter instance, the arresting officer is entitled to conduct a contemporaneous search of the offender's person not only for weapons, but also for the fruits of or the implements used to commit crime."

■ Here Officer Jourdan had probable cause to believe Branin and Christensen were knowingly in a place where marijuana was being smoked. (Health & Saf. Code § 11556; *People* v. *Lee,* 260 Cal.App.2d 836, 839 [67 Cal.Rptr. 709]; *People* v. *Brown,* 271 Cal.App.2d 391, 395-396 [76 Cal.Rptr. 568].) The odor of burning marijuana also afforded probable cause to believe the car contained contraband, a circumstance which would justify a warrantless search of the car even if cause to arrest had been absent (*People* v. *Madero,* 264 Cal.App.2d 107, 111 [70 Cal.Rptr. 159]). Having smelled the burning marijuana in the car, the officers were justified in searching it (*People* v. *Legg,* 258 Cal.App.2d 52 [65 Cal.Rptr. 541]; *Fernandez* v. *United States,* 321 F.2d 283, 287). Christensen's reliance on *People* v. *Marshall,* 69 Cal.2d 51 [69 Cal.Rptr. 585, 442 P.2d 665], is misplaced as *Marshall* does not state a rule applicable to the use of smell in determining probable cause to believe a

crime has been committed or contraband is present. (See *People* v. *Nichols,* 1 Cal.App.3d 173, 177 [81 Cal.Rptr. 481].)

Christensen contends the court was not authorized to impose a fine of $200 as a condition of his probation. Penal Code section 1203.1 provides, in part: "The court . . . may fine the defendant in such sum not to exceed the maximum fine provided by law in such case; *or* may in connection with granting probation, impose either imprisonment in county jail, or fine, or both, or neither; . . . [Italics added.]

Fines for violating narcotics laws are provided for under Health and Safety Code sections 11715.8 (up to $20,000 for each offense in addition to term of imprisonment) and 11716 (not less than $30 nor more than $500 for misdemeanor offenses). Moreover, Penal Code section 672 provides a general power to impose fines. The court acted within its discretion and the powers conferred by Penal Code section 1203.1 in imposing a $200 fine as a condition of Christensen's probation.

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.