[Crim. No. 7979. First Dist., Div. Three. Jan. 23, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH W. FITZPATRICK, JR., Defendant and Appellant.

## COUNSEL

Garry, Dreyfus, McTernan & Brotsky and Donald L. A. Kerson for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and James A. Aiello, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DRAPER, P. J.**—In a case submitted to the trial judge upon the transcript of the preliminary examination, defendant was convicted of possession of marijuana (Health & Saf. Code, § 11530). He had moved to suppress the marijuana as evidence (Pen. Code § 1538.5). That motion was denied. The court declared the offense to be a misdemeanor, and admitted defendant to probation for three years on condition that he pay a fine. He appeals.

At about 10 p.m., an officer saw a moving automobile with one headlight out. He stopped the car and asked the driver for identification. Defendant opened the window to hand his driver's license to the officer. As the latter leaned forward to accept the document the officer (experiencd in the detection of marijuana) smelled the odor of burned marijuana. He asked the operator to step out. The odor was most distinctive on the person of defendant, rather than in the car itself or on the person of the other passengers. The officer informed defendant that it would be necessary to search his person and the automobile. He first reached into a pocket of defendant's sport jacket, found a plastic bag of marijuana, arrested defendant, and found another bag of marijuana in the other coat pocket.

Appellant argues that the officer's sense of smell, alone, cannot be the basis of probable cause for arrest or search (*People* v. *Marshall,* 69 Cal.2d 51 [69 Cal.Rptr. 585, 442 P.2d 665]). *Marshall* but emphasizes (p. 56) the rule that entry of fixed premises authorized by a specifically limited

purpose, can justify seizure only of such objects, unrelated to the limited purpose, as are "in plain view" (*People* v. *Roberts,* 47 Cal.2d 374 [303 P.2d 721]; *People* v. *Gilbert,* 63 Cal.2d 690, 707 [47 Cal.Rptr. 909, 408 P.2d 365], revd. on other grounds, 388 U.S. 263 [18 L.Ed.2d 1178, 87 S.Ct. 1951]). In such circumstances, there is no search (cases cited at *Marshall,* p. 56). *Marshall* refuses to extend that rule beyond objects in plain view, even to include those which, though concealed from sight, are smelled.

*Marshall* (p. 61) specifically notes that "no movable vehicle was involved" in that case. More important, *Marshall* recognizes the propriety of a search incident to a valid arrest, and that the search may precede the arrest if substantially contemporaneous with it (pp. 60-61 and cases there cited).

Here, the search was of the person of defendant, who was in the driver's seat of a vehicle which had just been stopped for a traffic violation. It is arguable that the arrest in fact preceded the search. Even if the search preceded the formal arrest, it clearly was substantially contemporaneous therewith (*People* v. *Cockrell,* 63 Cal.2d 659, 666-667 [47 Cal.Rptr. 788, 408 P.2d 116], cert. den. 389 U.S. 1006 [19 L.Ed.2d 604, 88 S.Ct. 568]).

Since the search here was incident to the arrest, the question is whether senses other than sight may justify an officer in making an arrest for a felony. We do not read *Marshall* as barring an officer's reliance upon senses other than that of sight in determining probable cause to arrest. This view is sustained by the Supreme Court's denial of hearing in a case (*Vaillancourt* v. *Superior Court,* 273 Cal.App.2d 791 [78 Cal.Rptr. 615]) which held that the odor of burning marijuana gave officers reasonable cause to enter a hotel room for the purpose of arresting the occupants.

Appellant concedes that the officer was justified in stopping the car. He points, however, to the arresting officer's testimony that the odor he detected was not of presently burning marijuana, but of marijuana which had been burned. Obviously, this scent did not show immediately current smoking of marijuana. But the officer testified that it was stronger upon the person of appellant than on the persons of the other occupants, thus directing attention to the driver alone. Appellant recognizes that an officer may arrest without a warrant, when he "has reasonable cause to believe that the person to be arrested has committed a felony, whether or not a felony has in fact been committed" (Pen. Code, § 836, subd. 3). He argues, however, that the odor of burned marijuana is not a ground for such belief, since appellant may merely have been present in a place where marijuana was being smoked, a misdemeanor (Health & Saf. Code, § 11556). ▪ But

the inference that marijuana is present on the person of one who has recently smoked it is not unreasonable. Marijuana is contraband. It cannot be bought at convenient markets or stores to be found in every locality. It seems reasonable to believe that one who has recently smoked a marijuana cigarette has others in his possession. That inference was drawn by the officer, and was held reasonable by both the municipal and superior courts, which denied the section 1538.5 motions. We find no reason to substitute another view on this fact issue.

Appellant also argues that the odor was so stale as to negate any deduction of recent use. But no evidence supports this view. The officer testified only that the odor was not of presently burning marijuana, but of that which had been burned. He was not asked, and did not attempt, to fix the period which may have elapsed from actual smoking to account for the odor he smelled. Appellant testified that he had neither smoked marijuana, nor been present where it was smoked, for some six months. The trier of the fact, however, was not required to accept this evidence, and obviously rejected it.

■ A condition of probation is that appellant "submit to search and seizure by Probation Officer or Peace Officer during day or night with or without a search warrant." Appellant argues that this condition is unconstitutional. We cannot agree (*People* v. *Kern,* 264 Cal.App.2d 962, 964-965 [71 Cal.Rptr. 105]; see *People* v. *Osslo,* 50 Cal.2d 75 [323 P.2d 397], cert. den. 357 U.S. 907 [2 L.Ed.2d 1157, 78 S.Ct. 1152]; *People* v. *Williams,* 247 Cal.App.2d 394 [55 Cal.Rptr. 550]).

Judgment affirmed.

Brown (H. C.), J., and Caldecott, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 19, 1970.