[Crim. No. 16668. Second Dist., Div. Five. Apr. 23, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD EUGENE CALDER, Defendant and Appellant.

## Counsel

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Robert J. Polis, Deputy Attorney General, for Plaintiff and Respondent.

## Opinion

**STEPHENS, Acting P. J.**—Defendant was charged by information with violation of Health and Safety Code section 11530 (possession of marijuana). His motion under Penal Code section 995 was argued and denied. Defendant pleaded not guilty and made a motion under Penal Code section 1538.5. Subsequently, defendant personally and all counsel waived a jury trial and stipulated that the cause be submitted on the transcript of the preliminary hearing, and that Health and Safety Code section 11556 (being present where narcotics are being smoked or used) be considered a lesser included offense of Health and Safety Code section 11530. Defense counsel then withdrew the motion under Penal Code section 1538.5 and requested the court to find defendant guilty of Health and Safety Code section 11556, which it did. The proceedings were suspended and probation was granted for three years on the condition that defendant pay a $350 fine and spend 90 days in the county jail. Defendant appeals from the judgment (order granting probation).

Viewing the evidence in the light most favorable to the People (*People v. Newland,* 15 Cal.2d 678 [104 P.2d 778], the following facts were established: On July 19, 1968, Officer Fred Koch, employed by the Beverly Hills Police Department, observed defendant driving westbound on Sunset Boulevard in an automobile with an inoperative right headlight. Defendant was the sole occupant of the vehicle. Officer Koch stopped defendant and requested to see his driver's license. Defendant stated that he did not have one. When asked who owned the car, defendant said it belonged to a girl friend by the name of Laura, or Laurene, who lived on Beverly Glen. Defendant was unable to give the last name or exact address of this girl, and Officer Koch asked him to get out of the car. As he got out of the car, defendant reached for his wallet, and the front of his three-quarter length jacket opened. Officer Koch observed two tinfoil wrappings in the shape of balls between defendant's belt buckle and belt. Both wrappings were approximately the size of a dime and were in plain sight. Officer Koch

had seen narcotics wrapped in a similar manner on approximately 50 previous occasions, and asked defendant what he had in the wrappings. Defendant answered,[1] and handed the wrappings to the officer, who opened them and examined the contents. They appeared to contain hashish, a form of marijuana, which the officer had seen on 10 previous occasions. Defendant was then placed under arrest. At the preliminary hearing, it was stipulated that the wrappings contained 1.2 grams of hashish, a derivative of marijuana.

Since defendant withdrew his motion under Penal Code section 1538.5 and does not contest the legality of the search and seizure on appeal, we do not consider that issue.

■ Defendant contends that reversal is required under the authority of *People* v. *Wilson*, 271 Cal.App.2d 60 [76 Cal.Rptr. 195]. In *Wilson*, after a court trial, defendant was found guilty of violating Health and Safety Code section 11530. Later, when defendant made an otherwise unsuccessful motion for new trial, the prosecutor and defense counsel stipulated that the court could reduce the offense to a violation of Health and Safety Code section 11556, as a "lesser and necessarily included offense." Defendant appealed from the judgment and conviction. We reversed, holding that section 11556 was not an offense included within section 11530, and that the court acted in excess of its jurisdiction in convicting defendant of it. (See Pen. Code § 1181, subd. 6 and *In re Hess*, 45 Cal.2d 171, 175 [288 P.2d 5].)

We believe that the *Wilson* rationale is inapplicable to a stipulation entered into prior to a finding of guilt, as in the instant case.

■ Defendant argues that he did not personally stipulate to be found guilty of section 11556, as required by Penal Code section 1018. Defendant personally waived his right to a jury trial, agreed to submit the cause on the preliminary transcript, and stipulated that section 11556 was a lesser included offense. The record demonstrates that he knowingly acquiesced in his counsel's statements of submission of the matter:

"THE COURT: Mr. Calder, I understand you want to be tried by the Court without a jury?

"THE DEFENDANT: Yes, sir.

"THE COURT: Is that voluntary on your part, Mr. Calder?

"THE DEFENDANT: Yes.

---

[1]The court struck defendant's answer on the ground that he had not been informed of his constitutional rights.

"THE COURT: Nobody has promised you anything?

"THE DEFENDANT: No.

"THE COURT: You have discussed this with your lawyer and this is what you want to do?

"THE DEFENDANT: Yes.

"THE COURT: You waive your right to a trial by [*sic* (obvious transcriber's omission)].

"THE COURT: Counsel?

"MR. MARGOLIN [defense counsel]: Counsel joins.

"MR. ROSS [district attorney]: The People join. In Case Number A 053870, the People offer to stipulate that the People's case may be determined upon the transcript of the preliminary hearing had August 30, 1968 in the Beverly Hills Judicial District, with the same force and effect as though witnesses there called, sworn, and testified be deemed here called, sworn, and testified before your Honor.

"Any stipulations entered into at that time be entered into at this time, and any exhibits received at that time be received at this time, subject to any objections made in that proceeding or in this proceeding.

"The People further offer to stipulate that the Court may find that Section 11556 of the Health and Safety Code is a lesser necessarily included offense therein.

"MR. MARGOLIN [defense counsel]: So stipulated, your Honor, on behalf of the defendant.

"MR. ROSS: Mr. Calder, is this procedure agreeable to you?

"THE DEFENDANT: Yes.

"MR. ROSS: You understand what we are doing here?

"THE DEFENDANT: Yes, sir.

"MR. ROSS: The People do not intend to offer any further testimony.

"THE COURT: Is it your request that I find the defendant guilty of 11556?

"MR. MARGOLIN: So requested.

"THE COURT: Is the matter submitted?

"MR. MARGOLIN: Submitted.

"Mr. Ross: Submitted.

"The Court: I am familiar with the contents of the transcript of the preliminary hearing.

"Do you withdraw the motion under 1538.5?

"Mr. Margolin: Yes, your Honor.

"The Court: The defendant will be found guilty of a violation of Section 11556."

Defendant is in the same position as were his counterparts in *People* v. *Hensel,* 233 Cal.App.2d 834, 839 [43 Cal.Rptr. 865] and *People* v. *Powell,* 236 Cal.App.2d 884, 887 [46 Cal.Rptr. 417], and is precluded from now raising this contention. As stated in *Powell:* "Here, as in that case [*People* v. *Hensel,* 233 Cal.App.2d 834 [43 Cal.Rptr. 865] (hrg. den.)], a defendant, represented by competent counsel, stood by and acquiesced in a procedure whereby he was forever discharged on the serious counts included in the information as originally filed, and convicted of a less serious offense. Had defendant felt that he was in any way prejudiced by the action of the trial court, he could have prevented the error now relied on by a simple objection."

█ Defendant finally contends that section 11556 is unconstitutional in that it violates due process of law and equal protection of the law; that it is an unlawful abridgment of the First Amendment right to freedom of association, and that it creates an unreasonable and arbitrary classification of persons.

Section 11556 as presently worded has already been held constitutional in *People* v. *Lee,* 260 Cal.App.2d 836 [67 Cal.Rptr. 709], and we see no reason to reach a contrary decision. We find that the statute is a proper exercise of the state's police power to pass regulations designed to promote the public health, safety, comfort, and welfare. The means adopted are reasonably appropriate to the purpose. (*Higgins* v. *City of Santa Monica,* 62 Cal.2d 24, 30 [41 Cal.Rptr. 9, 396 P.2d 41].) The classification does not appear to be an abuse of the Legislature's discretionary power to make reasonable classifications. (See *Sacramento Municipal Utility Dist.* v. *Pacific Gas & Elec. Co.,* 20 Cal.2d 684, 693 [128 P.2d 529].) The statute does not infringe on the freedom of association, as it does not deny anyone the

right to associate with anyone he chooses; it simply prohibits him from being present while narcotics are being used.

The judgment is affirmed.

Aiso, J., and Reppy, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 17, 1970.