[Crim. No. 8624. First Dist., Div. One. Nov. 9, 1970.]

THE PEOPLE, Plaintiff and Appellant, v.
DALLAS ARNOLD LOVEJOY et al., Defendants and Respondents.

884

**COUNSEL**

Thomas C. Lynch, Attorney General, Robert R. Granucci and Joyce F. Nedde, Deputy Attorneys General, for Plaintiff and Appellant.

Bert C. Johnson, under appointment by the Court of Appeal, Paul Ligda, Public Defender, John R. Aye, Deputy Public Defender, and David Lucchesi for Defendants and Respondents.

**OPINION**

ELKINGTON, J.—The People have appealed from a superior court order setting aside an information based upon a motion made pursuant to Penal Code section 995.

The order was grounded on the testimony taken at the preliminary examination. Following the earlier hearing, the magistrate, a municipal court judge, had found reasonable and probable cause to believe that each of the defendants, Dallas Arnold Lovejoy, Dennis Ray Venegas, Jimmy Lloyd Brummell, and Richard Chester Allen, were guilty of the offense of possessing marijuana, in violation of Health and Safety Code section 11530.

In the superior court proceedings the court concluded, contrary to the previous finding of the magistrate, that the only evidence against the defendants resulted from a police invasion of their Fourth Amendment rights.

It is fundamental that on a dismissal motion under section 995 the superior court may not reweigh evidence, or draw inferences contrary to those reasonably drawn by the magistrate. (*People* v. *Massengale,* 261 Cal. App.2d 758, 763 [68 Cal.Rptr. 415].) This rule applies with equal effect where an issue resolved by the magistrate is a claimed Fourth Amendment violation. (*Badillo* v. *Superior Court,* 46 Cal.2d 269, 271-272 [294 P.2d 23]; *People* v. *Heard,* 266 Cal.App.2d 747, 749-750 [72 Cal.Rptr. 374].) The function of this reviewing court, then, is simply to determine if there is any substantial evidence (see *People* v. *Daugherty,* 40 Cal.2d 876, 885

[256 P.2d 911]) in support of the *magistrate's* conclusion that the instant police conduct was without constitutional taint.

█ The evidence adduced at the preliminary hearing was without substantial conflict. The Solano County sheriff's office maintained a warehouse at a place "isolated with tall weeds, trees and so forth." Buildings in the area, including the warehouse, had been the subject of burglaries, the latest about four weeks before the night of April 3, 1969. Ben Villarreal had been a deputy sheriff since June 1961. He had had much training and experience relating to illicit narcotic traffic. In his training and in his police work he had become familiar with the odor of burning marijuana. Around midnight of April 3, 1969, Deputy Villarreal, while on duty, saw two automobiles parked behind the sheriff's warehouse where there were no homes or places of business. Apparently upon being observed, one car left "the area in a hurry and this bronze colored Ford behind him." The officer pursued and was able to stop the second car, the Ford. As he approached the vehicle "all four occupants were rolling down their windows on the car and then [he] smelled the strong odor of marijuana smoke." The smoke was "coming out of the windows." The officer testified, "I asked for identification and car registration and I informed them of why they were stopped: Because of the trouble that we have had there in the area." The men identified themselves in varying ways but there was no registration for the Ford automobile. Facing four suspects, the officer radioed for police assistance. Other officers quickly arrived and were informed of the preceding events.

One of the officers, using a flashlight, superficially searched the Ford and found a partially burned marijuana cigarette in its ashtray. The four defendants were arrested; it does not appear whether this was before or after the discovery of the cigarette butt. The car was then taken by the officers to the police station where a further search was undertaken. When the car's rear seat ashtray was removed, behind it was found a plastic bag containing more marijuana.

We encounter no difficulty whatever in concluding that the superior court's finding of constitutional fault in the acquisition of the two pieces of narcotic evidence was contrary to law and therefore error.

█ The pursuit and stopping of the fleeing Ford automobile was clearly reasonable and proper. A " '. . . police officer has a duty to investigate reasonably all suspicious activities on the public streets, particularly at night.' " (*People* v. *Glasgow*, 4 Cal.App.3d 416, 420 [84 Cal.Rptr. 671]; *Bramlette* v. *Superior Court*, 273 Cal.App.2d 799, 805 [78 Cal.Rptr. 532].) A law enforcement officer who failed to investigate the suspicious cir-

cumstances here presented would, in our opinion, have been faithless to his duty.

■ Upon detecting the strong odor of marijuana smoke emanating from the vehicle, Deputy Villarreal had reasonable cause to believe that the defendants were in possession of, and transporting, marijuana, a felony and a violation of Health and Safety Code sections 11530 and 11531. The obvious truism that the odor of burning marijuana furnishes probable cause to believe that the substance itself is present has been given frequent expression by our appellate courts. (See *Mann* v. *Superior Court*, 3 Cal.3d 1, 7 [88 Cal.Rptr. 380, 472 P.2d 468]; *People* v. *Fitzpatrick*, 3 Cal.App.3d 824, 826-827 [84 Cal.Rptr. 78]; *Vaillancourt* v. *Superior Court*, 273 Cal. App.2d 791, 797 [78 Cal.Rptr. 615]; *People* v. *Brown*, 271 Cal.App.2d 391, 395 [76 Cal.Rptr. 568]; *People* v. *Monreal*, 264 Cal.App.2d 263, 267 [70 Cal.Rptr. 256]; *People* v. *Lee*, 260 Cal.App.2d 836, 840 [67 Cal.Rptr. 709]; *People* v. *Brim*, 257 Cal.App.2d 839, 841 [65 Cal.Rptr. 265].) *People* v. *Marshall*, 69 Cal.2d 51 [69 Cal.Rptr. 585, 442 P.2d 665], relied upon by defendants, is inapposite; that case did not concern the odor of *burning* marijuana, and the court there specifically noted (p. 61) that " 'no movable vehicle was involved.' "

Since the officers had reasonable cause to believe the four defendants had committed a felony the men were subject to arrest. (Pen. Code, § 836.) As an incident to such arrests it was permissible to search their vehicle for narcotic evidence. (*People* v. *Webb*, 66 Cal.2d 107, 111-112 [56 Cal.Rptr. 902, 424 P.2d 342, 19 A.L.R.3d 708].) This right to search existed either before or after the arrest. (See *People* v. *Terry*, 70 Cal.2d 410, 429 [77 Cal.Rptr. 460, 454 P.2d 36]; *People* v. *Cockrell*, 63 Cal.2d 659, 666-667 [47 Cal.Rptr. 788, 408 P.2d 116].) The search of the car at the scene of the arrest, and the consequent discovery of the burned marijuana cigarette was accordingly beyond legal or constitutional criticism.

The subsequent search of the car at the police station, turning up additional marijuana, was also clearly within constitutional bounds. (See *Chambers* v. *Maroney*, 399 U.S. 42, 46-52 [26 L.Ed.2d 419, 425-429, 90 S.Ct. 1975]; *People* v. *Williams*, 67 Cal.2d 226, 229-232 [60 Cal.Rptr. 472, 430 P.2d 30]; *People* v. *Webb, supra*, 66 Cal.2d 107, 124-126.)

The order setting aside the information is reversed.

Molinari, P. J., and Sims, J., concurred.