[Civ. No. 1520. Fifth Dist. Sept. 29, 1971.]

In re ELISABETH H., a Person Coming Under the Juvenile Court Law.
BRIAN L. FISCHER, as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
ELISABETH H., Defendant and Appellant.

324

## COUNSEL

Terry L. Allen and Roland V. Howard for Defendant and Appellant.

Evelle J. Younger, Attorney General, Charles P. Just and Frank A. Iwama, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

BROWN (G. A.), J.—Based upon a finding that the appealing minor, Elisabeth H., violated Health and Safety Code section 11556 (being in a room or place where any narcotics are being used with knowledge that such activity is occurring), the juvenile court granted the petition which had been filed under Welfare and Institutions Code section 602, and declared the minor a ward of the court. This appeal followed.

The appellant urges that the evidence upon which the finding is based

was the product of an illegal search and seizure and, therefore, was inadmissible, and that the evidence is insufficient to sustain the conviction. ■ We have concluded that the order must be reversed for the reason that while the evidence is sufficient to sustain the finding that the appellant was voluntarily present in the vehicle and had knowledge that the illegal use of narcotics was occurring, to save the statute from being struck down as unconstitutional it is necessary that there be proof of more involvement than mere voluntary presence and knowledge. The record here is barren of any evidence of such additional activity or involvement by the appellant.

On January 9, 1971, at about 4 a.m., Merced Police Officer Beaty saw a vehicle parked just outside the city limits with its bright lights on. As he approached, he blinked his lights for the purpose of indicating to the other vehicle to lower its lights. The parked car did not dim its lights and the officer pulled alongside of it in his marked police unit and thereupon started to roll down his window for the purpose of telling the driver to dim his lights. The officer saw five very young persons in the car. The driver of the parked car looked over at the police car and then drove off. Officer Beaty pursued the car with his red light on. The car, which was originally parked in the county, drove through a portion of the city and then out into the county again and stopped.

Officer Beaty walked to the driver's window to investigate further and to obtain the identity of the driver. All of the windows were shut. After a brief hesitation, the driver rolled down the window and the experienced officer saw smoke in the car and smelled the strong odor of burning or burned marijuana.

The car was occupied by three boys and two girls, one being 17 and the rest being 15. The appellant herein was one of the girls.

Initially, all of the juveniles were arrested for violation of the Merced city curfew ordinance. The officer searched the car and found a bag of marijuana in the pocket of a jacket located on the front seat of the car. The juveniles were then placed under arrest for possession of marijuana. As the investigation was proceeding, one of the juveniles threw a plastic soap dish into an adjacent field. It was recovered by the officers and found to contain some marijuana, a machine with which to roll cigarettes, and two roaches (partially smoked marijuana cigarettes).

Another bag of marijuana was found in a patrol car after two of the male juveniles had been transported to the juvenile court in that particular car.

There was no direct evidence of the appellant having smoked marijuana, no evidence of her having been under the influence of marijuana,

and no marijuana debris was found on her person nor any marijuana in her possession. The officers could not identify where the appellant was seated in the car. It is clear, however, that she was not driving the car and she did not own the vehicle.

Appellant anchors her assertion of illegally obtained evidence upon the alleged invalidity of the Merced curfew ordinance and reasons that because it is unconstitutional the arrest was illegal and the evidence procured pursuant thereto should have been excluded. ██ ██ It is unnecessary to pass upon this contention since we find there was adequate justification independent of the curfew regulation for the officer to have detained appellant for further investigation, and upon the discovery of the marijuana smoke, marijuana and paraphernalia during the course of such investigation, the officer had adequate probable cause for the subsequent arrest of the minors on the marijuana charge.

██ Circumstances short of probable cause to make an arrest will justify an officer in stopping a motorist for further investigation. As was stated in *People* v. *Courtney* (1970) 11 Cal.App.3d 1185, at pages 1189-1190 [90 Cal.Rptr. 370]: ". . . such a detention is proper when the circumstances are such as would indicate to a reasonable police officer that such a course is necessary to the proper discharge of his duty. [Citations.] ' "The rationale of all these decisions is that an officer of the law, employed to maintain the peace and to prevent crime, as well as to apprehend criminals after the fact, has both the right and the duty to make reasonable investigation of all suspicious activities even though the nature thereof may fall short of grounds sufficient to justify an arrest or a search of the persons or the effects of the suspects. Experienced police officers naturally develop an ability to perceive the unusual and suspicious which is of enormous value in the difficult task of protecting the security and safety of law-abiding citizens. The benefit thereof should not be lost because the cold record before a reviewing court does not contain all the particularized perceptions which may have been so meaningful at the scene." ' [Citations.]" (See *People* v. *Mickelson* (1963) 59 Cal.2d 448 [30 Cal.Rptr. 18, 380 P.2d 658], and *People* v. *Horton* (1971) 14 Cal.App.3d 930 [92 Cal.Rptr. 666].)

██ Here there was a parked car in the country at 4 a.m., containing five young juveniles. The driver refused to dim the car's headlights, and when the plainly marked officer's car pulled up alongside of the parked car it immediately left. This combination of circumstances offered ample justification for the officer to stop the vehicle for further investigation.

██ The fact that the officer was justified in stopping the vehicle for further investigation did not, without more, justify a search of the vehicle (*People* v. *Superior Court* (*Kiefer*) (1970) 3 Cal.3d 807, 812 [91

Cal.Rptr. 729, 478 P.2d 449]); but here we have something more. ■■■ When the officer approached the car and the driver rolled down the window, the officer observed the car full of smoke and whiffed the odor of burning or burned marijuana. It was recognized by the officer because he was experienced in this type of investigation. He thereupon had reasonable and probable cause to believe that the car contained contraband, that its occupants were the probable offenders and that a further search would produce additional evidence of criminal activity. (*People* v. *Christensen* (1969) 2 Cal.App.3d 546, 548 [83 Cal.Rptr. 17]; *People* v. *Nichols* (1969) 1 Cal.App.3d 173, 175-176 [81 Cal.Rptr. 481]; *People* v. *Madero* (1968) 264 Cal.App.2d 107, 111 [70 Cal.Rptr. 159]; *People* v. *Legg* (1968) 258 Cal.App.2d 52, 55 [65 Cal.Rptr. 541]; *Vaillancourt* v. *Superior Court* (1969) 273 Cal.App.2d 791, 797 [78 Cal. Rptr. 615].) Upon searching the vehicle and finding the marijuana, the officers were clearly justified in placing the occupants under arrest. (*People* v. *Nichols, supra,* 1 Cal.App.3d 173; *People* v. *White* (1969) 71 Cal.2d 80, 82-83 [75 Cal.Rptr. 208, 453 P.2d 600]; and *People* v. *Gann* (1968) 267 Cal.App.2d 811, 812-813 [73 Cal.Rptr. 502].) Having arrested the appellants, the officers were justified in continuing the search as an incident of that arrest. (*People* v. *Nichols, supra,* 1 Cal.App.3d 173, 177.)

Thus, we find no merit to appellant's contention that the evidence was obtained as a result of an illegal search and seizure. The evidence which was the product of the search was properly admitted in evidence.

We pass to appellant's second contention.

■■■ Health and Safety Code section 11556 provides: "It is unlawful to visit or to be in any room or place where any narcotics are being unlawfully smoked or used with knowledge that such activity is occurring." This section as presently worded has been expressly upheld against attack on constitutional grounds in *People* v. *Brim* (1968) 257 Cal.App.2d 839, 842 [65 Cal.Rptr. 265]; *People* v. *Lee* (1968) 260 Cal.App.2d 836, 841-842 [67 Cal.Rptr. 709]; and *People* v. *Calder* (1970) 6 Cal.App.3d 931, 936-937 [86 Cal.Rptr. 446].

In *People* v. *Cressey* (1970) 2 Cal.3d 836, 847-849 [87 Cal.Rptr. 699, 471 P.2d 19], decided subsequent to the above district court cases, the Supreme Court upheld the section on the facts of that case against a constitutional attack. In the *Cressey* case, the prohibited acts occurred in the defendant's apartment, over which he had control, and the court emphasized that the trial court also found that he was guilty of possession of marijuana. (See p. 849.) In reviewing the *Brim* and *Lee* cases, the Supreme Court likewise emphasized that in each of those cases the defend-

ant had control of the premises and was in fact guilty of possession of the narcotic involved.[1]

In the course of the *Cressey* opinion, the Supreme Court, among other expressions, states: "We recognize that a literal reading of Health and Safety Code section 11556 could proscribe some kinds of conduct which cannot constitutionally be considered criminal. If one purchases a ticket and enters a motion picture theater where one has every right to remain, and midway through the film one views a person in the theater whom one knows to be smoking marijuana, must one (a) leave immediately for fear of prosecution under section 11556, or (b) force the smoker to stop using the narcotic? An individual might find himself in situations, such as at a party, theater, or dance hall, or in a hotel lobby, bus, apartment, or taxi, or even in a private automobile, where he had no relation to the acts of others who might be disposed to use marijuana. *As this court has held: 'If the defendant "did not act to aid, assist, or abet" the perpetration of the crime, he is guilty of no violation of law from the mere fact that he was present . . .' and knew of its commission. (People* v. *Woodward* (1873) 45 Cal. 293, 294 (defendant admitted he had seen offense but had not acted to prevent it).)" (Italics ours.) (At p. 848.) The court also states: " '. . . A person of common intelligence would understand section 11556 by its plain meaning is designed for a person like Brim who knowingly, wilfully and intentionally involves himself with unlawful marijuana smoking or using.' " (At p. 848.) At page 849 the court further states: "Yet in one's own residence or automobile one may have the responsibility to prevent the use of the narcotic for illegal purposes in that one has some control over the premises or vehicle."

Thus it appears clear to us that before one constitutionally can be convicted of violating Health and Safety Code section 11556, the *Cressey* case requires something more than mere voluntary presence and knowledge of the activity, although the court did not mark out the boundaries of the additional element or elements that may be required. They remain vague and obscure.

Obviously, there are a number of possible interpretations of the *Cressey* decision. The principal alternatives would seem to be that the statute only

---

[1]The Supreme Court does not mention *People* v. *Calder* (1970) 6 Cal.App.3d 931 [86 Cal.Rptr. 446], filed April 23, 1970. In that case, however, the defendant was the sole occupant and driver of the car in which he was arrested, and on the facts was clearly guilty of possession and his conviction of violation of Health and Safety Code section 11556 was pursuant to a plea bargain.

In *In re Linda D.* (1970) 3 Cal.App.3d 567 [83 Cal.Rptr. 544], this court, per Gargano, J., affirmed a finding of violation of Health and Safety Code section 11556, but in that case no constitutional issue was raised.

applies: (1) To those in control of the premises *or* those who aid or abet narcotics use on the premises *or* those who bear some ill-defined culpable relationship to the acts of the user which may be either broader or narrower than the concept of aiding and abetting; (2) to those in control of the premises *and* who fail to take sufficient steps to stop narcotics use on the premises; (3) to those in control of the premises *and* who fail to take steps to stop narcotics use on the premises *and* are guilty of possession of the narcotics; (4) to those in control of the premises *and* who aid and abet the use of the narcotics on the premises. (See Note, *No Place for "Being in a Place": The Vanishing of Health and Safety Code Section 11556* (1971) 23 Stan.L.Rev. 1009.)

Further clarification and definition of the additional element or elements beyond knowledge and voluntary presence that may be required and the standards to be applied will have to await further pronouncement from our Supreme Court. Hopefully, we soon will be rescued from this legal quagmire; in the interim the reach of the statute will have to be decided on a case-by-case basis.

For the purpose of the case at bench, it is enough to say that the evidence herein is insufficient to support any finding of involvement of the appellant beyond a finding of voluntary presence in the vehicle and knowledge of the use of the marijuana. Beyond that there is an evidential vacuity. A review of the record adequately establishes knowledge and voluntary presence, which may be established by circumstantial evidence. (*In re Linda D.* (1970) 3 Cal.App.3d 567, 572 [83 Cal.Rptr. 544].)

The appellant did not own the car, was not the driver of the car, and did not control the car.

The evidence was not sufficient to support a finding of possession by the appellant. Possession may be actual or constructive and may be established by circumstantial evidence and must consist in part of control or the right to control the contraband (*People* v. *Williams* (1971) 5 Cal.3d 211, 215 [95 Cal.Rptr. 530, 485 P.2d 1146]). There is no evidence that she controlled or had the right to control the contraband. It is well-established that the mere presence of the accused with others in a vehicle in which contraband is found or from which it is thrown is not sufficient evidence, standing alone, to justify a conviction of possession (*People* v. *Foster* (1953) 115 Cal.App.2d 866 [253 P.2d 50]; *People* v. *Hancock* (1957) 156 Cal.App.2d 305 [319 P.2d 731]; *People* v. *Crandall* (1969) 275 Cal.App.2d 609 [80 Cal.Rptr. 81]). There was no marijuana found in the actual possession of appellant, nor was there any marijuana debris found in her possession, nor was there any evidence that she had been using

marijuana. The only marijuana found in the car was in a package in a boy's jacket lying on the front seat. The record is barren as to where the appellant was seated in the car. The same observations can be made relative to the marijuana package found in the police car after the transportation of two of the male occupants to juvenile hall and as to the contents of the soap dish that was thrown by one of the male occupants after he had alighted from the car.

There was no evidence, circumstantial or otherwise, that the appellant aided or abetted the illegal use. " 'Aid' means to assist, to help or to supplement the efforts of another. [Citation.] 'Abet' means to knowingly and with criminal intent promote, encourage or instigate, by act or counsel, or by both act and counsel the commission of a criminal offense. [Citations.]" (*People* v. *Ellhamer* (1962) 199 Cal.App.2d 777, at p. 781 [18 Cal. Rptr. 905].)

There is no question that the evidence in this case could form the basis of a strong suspicion that appellant had more involvement than mere voluntary presence and knowledge of the illegal narcotics use. However, as stated in *People* v. *Redmond* (1969) 71 Cal.2d 745, at page 755 [79 Cal. Rptr. 529, 457 P.2d 321]: "Evidence which merely raises a strong suspicion of the defendant's guilt is not sufficient to support a conviction. Suspicion is not evidence; it merely raises a possibility, and this is not a sufficient basis for an inference of fact. [Citations.]" Accord: *People* v. *Cook* (1969) 275 Cal.App.2d 970, 974 [80 Cal.Rptr. 528].

The order is reversed.

Stone, P. J., and Gargano, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 24, 1971.