Opinion
THE COURT.*
Defendant was charged with a violation of Health and Safety Code section 11377, subdivision (a) (possession of PCP). *Supp. 11 The court granted his motion to suppress the contraband which constituted the People’s evidence against him and dismissed the action. In making the ruling, the court stated that it found the testimony of the arresting officers to be credible. The People appeal from both orders.
The only evidence introduced at the hearing was the testimony of the two sheriff’s deputies who made the arrest and conducted the search which was the subject of the motion to suppress. After stopping defendant’s vehicle for two separate traffic violations, the deputies approached the vehicle, one to the driver’s window and the other to the passenger side. When defendant rolled down his window, the officer on his side of the vehicle smelled a strong odor of mint and ether. From his expertise in narcotics investigations, the officer concluded that the odor indicated the presence of PCP.
In order to locate the source of the PCP smell, as well as to minimize physical risks stemming from the volatile nature of the chemical in certain forms, the deputies requested defendant and his passenger to alight. By separating the two, the deputies were able to ascertain that the odor was emanating from the person of the defendant, rather than from his passenger or automobile. According to his testimony, one of the officers began to search the defendant for both weapons and contraband, commencing with a patdown because the possibility that defendant had a weapon presented the more immediate risk. During the frisking, the deputy felt a soft object in defendant’s boot which, when he raised defendant’s pants’ cuff to view it, proved to be a “Baggie” filled with PCP-soaked mint leaves. The officer testified that if he had not discovered the contraband during the superficial weapons search he would have continued to look for it until it had been located. Defendant was arrested subsequent to the discovery of the contraband.
There is no basis upon which the foregoing facts, which we must accept as true because the trial judge found them so, can be held to support the legal conclusion that the search was illegal.
The distinctive odor of mint and ether, a combination of ingredients which serves no innocuous purpose known to this court, constituted enough evidence to give the officers probable cause to believe that PCP was present (Guidi v. Superior Court (1973) 10 Cal.3d 1, 17, fn. 18 [109 Cal.Rptr. 684, 513 P.2d 908]; People v. Fitzpatrick (1970) 3 Cal. App.3d 824, 826-827 [84 Cal.Rptr. 78]). Once it was learned that the odor came from the defendant, the deputies therefore had information *Supp. 12 sufficient to meet the objective standard of probable cause to arrest defendant for possession of PCP.
A fair review of the record reveals that neither officer harbored any doubt that the smell was in fact indicative of the presence of PCP on defendant’s person. They both believed that he was committing the offense of possessing the illicit drug, and this was enough to show that their subjective beliefs conformed to the requirement of belief that the crime had been committed by the defendant set out in People v. Miller (1972) 7 Cal.3d 219, at page 226 [101 Cal.Rptr. 860, 496 P.2d 1228].
The warrantless nature of the search for weapons and drugs was justified as incident to the arrest for possession of PCP (People v. Brisendine (1975) 13 Cal.3d 528, 539 [119 Cal.Rptr. 315, 531 P.2d 1099]). “. . . [I]t is immaterial that the search and seizure preceded rather than followed the arrest.” (People v. Cockrell (1965) 63 Cal.2d 659, 666 [47 Cal.Rptr. 788, 408 P.2d 116].) Since the officer knew of information furnishing probable cause to arrest before the search, it does not matter whether he formed the intention to arrest before the search (People v. Sirak (1969) 2 Cal.App.3d 608, 611 [82 Cal.Rptr. 716]).
To summarize, the unique combination of odors signaled the existence of facts constituting probable cause to arrest the individual from whom they emanated, and a warrantless search of his person was justified as an incident of the arrest (See People v. Lovejoy (1970) 12 Cal.App.3d 883, 887 [91 Cal.Rptr. 94]). The court’s finding that the officers were credible witnesses leads inexorably to the legal conclusion that the search which they described was lawful and its fruit should not have been suppressed.
We have reviewed defendant’s contention that the initial detention was improper and find it to be without merit.
The orders granting the motion to suppress and dismissing the action are reversed, and the case is remanded for further proceedings.

 Before Fainer, P. J., Foster, J., and Jones, J.