Filed 2/17/16  P. v. Collins CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C077605 |
| Plaintiff and Respondent, | (Super. Ct. No. 124952) |
| v. | |
| ANDREA MARIE COLLINS, | |
| Defendant and Appellant. | |

Defendant Andrea Marie Collins appeals her conviction for possession of methamphetamine, claiming there was insufficient evidence to support it.  We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In October 2012, defendant and Vincent Felix moved into a single-story, two-bedroom house in Woodland together after having dated for approximately a year and one-half.  Defendant's aunt, Rachel Collins, also lived in the house.

1

In November and December 2012, Jeff Moe, a police officer with the City of Woodland Police Department and a member of the Yolo County Narcotics Task Force (task force), conducted surveillance on defendant's house. On multiple occasions, Officer Moe observed people go to the house, knock on the door, enter, and then leave a short time later. He also observed a security camera affixed to the house above the front door.

At approximately 6:30 a.m. on December 7, 2012, Officer Moe, members of the task force, and other law enforcement personnel entered defendant's home for the purpose of conducting a search. Felix was detained as he came out of the southwest bedroom. Defendant, who was still in bed in the southwest bedroom, was also detained.

The search of the house revealed: cables from the security camera running to a television in the southwest bedroom; a glass narcotic smoking pipe on a countertop in the living room; Felix's wallet containing $1,569 in cash; a digital scale; several packages containing marijuana in the top drawer of a nightstand in the southwest bedroom; defendant's wallet containing $1,186 in cash in another nightstand in the southwest bedroom; $300 in cash in the top drawer of a dresser in the southwest bedroom; $250 in cash in a nylon pouch clipped to the interior of some clothes in the closet in the southwest bedroom; $66 in cash in a pair of female pants; a plastic bag containing methamphetamine hidden inside a computer printer in the southwest bedroom; and a radio frequency scanner able to scan frequencies including the Woodland Police Department in the living room.

Defendant and Felix both told Officer Moe they had been living in the house for at least a month. Felix stated he used methamphetamine "every so often" and all the methamphetamine found inside the printer was his.

Defendant was charged with possession for sale of a controlled substance (methamphetamine), possession of marijuana for sale, and possession of drug

2

paraphernalia. The information alleged that, as to the sale of methamphetamine count, defendant had a prior controlled substance conviction.

The trial court granted defendant's request to bifurcate trial on the enhancement, and she waived her right to a jury trial thereon. At trial, Felix testified he smokes marijuana "[e]very day," defendant smokes it with him, and the marijuana found during the search belonged to him and defendant. He stated he kept the digital scale to "make sure that [he] was getting the right amount of whatever [he] was getting," and that he used it to weigh the marijuana and methamphetamine. Felix also testified he smoked methamphetamine "[e]very day," "[f]ive, six, seven times a day," defendant smoked methamphetamine with him, the glass pipe belonged to him and defendant, and they both used it to smoke methamphetamine. He further testified the methamphetamine found in the printer belonged to him, he hid it in the printer "[t]he night prior" to the search, and defendant did not know it was there.

The jury found defendant not guilty of the two counts of possession for sale, but guilty of the lesser included offenses of possession of a controlled substance and possession of marijuana, and guilty of the paraphernalia charge.

The trial court suspended imposition of sentence and placed defendant on formal probation for three years, ordered her to serve 60 days in county jail minus one day of presentence custody credit, and imposed various fees and fines.

Defendant filed a timely notice of appeal.

DISCUSSION

Defendant contends there was insufficient evidence to convict her of possession of methamphetamine. In particular, she argues there was insufficient evidence she had knowledge of the methamphetamine in light of Felix's testimony that he hid the drugs in the printer "because they were his" and defendant did not know they were there. The claim lacks merit.

3

In reviewing claims of insufficient evidence, we "must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence--that is, evidence which is reasonable, credible, and of solid value--such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Johnson* (1980) 26 Cal.3d 557, 578; accord *People v. Osband* (1996) 13 Cal.4th 622, 690.) We "presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." (*People v. Lewis* (1990) 50 Cal.3d 262, 277.) "If the circumstances reasonably justify the trial court's findings, reversal is not warranted merely because the circumstances might also be reasonably reconciled with a contrary finding. [Citations.] The test on appeal is whether there is substantial evidence to support the conclusion of the trier of fact; it is not whether guilt is established beyond a reasonable doubt. [Citation.] [¶] Before the judgment of the trial court can be set aside for insufficiency of the evidence to support the verdict of the jury, it must clearly appear that upon no hypothesis whatever is there sufficient substantial evidence to support it." (*People v. Redmond* (1969) 71 Cal.2d 745, 755.)

In order to prove the crime of possession of methamphetamine, the People must show " 'present evidence from which the trier of the facts reasonably may infer and find that the accused had dominion and control over the contraband with knowledge of its presence and narcotic character.' " (*People v. Tripp* (2007) 151 Cal.App.4th 951, 956.) Possession need not be exclusive. It is well settled that "each of these essential elements may be proved by circumstantial evidence and any reasonable inferences drawn from such evidence." (*Ibid.*; accord *People v. Williams* (1971) 5 Cal.3d 211, 215.)

" ' "If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also be reasonably reconciled with a contrary finding does not warrant a reversal of the judgment." ' " (*People v. Bean* (1988) 46 Cal.3d 919, 933.)

Here, there was sufficient evidence defendant possessed the methamphetamine. At the time of the search, defendant and Felix had been in a relationship for some time and had been living together in the same house for at least one month. They were both found in the southwest bedroom, which they shared. The printer in which the methamphetamine was found was also located in the southwest bedroom. There is nothing in the record to suggest defendant was precluded from access to any part of, or anything located in, the southwest bedroom. It was reasonable to infer from those facts that defendant regularly used the southwest bedroom and had joint access to and control over the printer and its contents.

Felix testified he smoked methamphetamine five to seven times a day and that he and defendant smoked the drug together, sharing the same pipe. He also testified they smoked marijuana together daily, and that the marijuana found during the search belonged to them both. Because methamphetamine was not found anywhere else in the house, it was reasonable to infer defendant and Felix were both using methamphetamine from the same source -- the stash hidden in the printer. Given that defendant was in a long-term relationship with Felix, she frequently used methamphetamine and other drugs with him, the methamphetamine was found in the bedroom they shared, and no methamphetamine other than that hidden in the bedroom was found during the search of the house, the jury could reasonably infer defendant knew there was methamphetamine hidden in the printer.

Defendant relies on Felix's testimony that the methamphetamine was his and defendant did not know he had hidden it in the printer the night before the search. However, the jury apparently disbelieved that portion of Felix's testimony. "[I]t is the exclusive province of the . . . jury to determine the credibility of a witness and the truth or falsity of the facts on which that determination depends. . . . [W]e must accord due deference to the trier of fact and not substitute our evaluation of a witness's credibility for that of the fact finder." (*People v. Jones* (1990) 51 Cal.3d 294, 314; *People v. Flores*

(1968) 267 Cal.App.2d 452, 457 [jury may reject any part of a witness' testimony and give credence to other portions]; Evid. Code, § 312.)

Citing without further analysis *People v. Sullivan* (1965) 234 Cal.App.2d 562 and *In re Elisabeth H.* (1971) 20 Cal.App.3d 323, defendant argues Felix's testimony that they shared a pipe and smoked methamphetamine together establishes only that she smoked the drug on some unspecified date and does not prove that, at the time of her arrest, she knew about the methamphetamine in the printer or had dominion and control over it. Neither case is helpful to defendant.

The defendant in *Sullivan* was convicted of possession of heroin after police found heroin residue on spoons in his possession. (*People v. Sullivan*, *supra*, 234 Cal.App.2d at p. 563.) The appellate court reversed, concluding "possession of a minute crystaline residue of narcotic not intended for consumption or sale and useless for either of these purposes is insufficient evidence to sustain a conviction for known possession of a narcotic." (*Id.* at p. 565.)

In *Elisabeth H.*, the juvenile court found the minor defendant violated Health and Safety Code section 11556 (being in a room or place where any narcotics are being used with knowledge that such activity is occurring) after police searched the car in which she was a passenger (along with four other juveniles) and found a bag of marijuana in the pocket of a jacket on the front seat. (*In re Elisabeth H.*, *supra*, 20 Cal.App.3d at pp. 325-326.) The appellate court reversed, concluding that while the evidence was sufficient to sustain the finding that the minor was "voluntarily present in the vehicle and had knowledge that the illegal use of narcotics was occurring," evidence of something more than mere voluntary presence and knowledge was necessary but absent from the record. (*Id.* at pp. 326, 329-331.)

Here, in contrast, defendant was found to be in possession of 37 grams of methamphetamine and there was evidence defendant was more than merely present in the house. According to Felix's testimony, both he and defendant slept in the southwest

6

bedroom and they both used methamphetamine (and marijuana) on a daily basis. *Sullivan* and *Elisabeth H.* are both inapposite.

We conclude there was sufficient evidence to sustain defendant's conviction for possession of methamphetamine.

DISPOSITION

The judgment is affirmed.

/s/
Robie, J.

We concur:

/s/
Blease, Acting P. J.

/s/
Hull, J.